IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOSPITAL INTERNISTS OF AUSTIN, P.A., and HOSPITAL INTERNISTS OF TEXAS, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:18-CV-466-RP |
| QUANTUM PLUS, LLC, *formerly known as* QUANTUM PLUS, INC., *d/b/a* TEAMHEALTH HOSPITAL MEDICINE WEST; TEAM HEALTH, LLC, *formerly known as* TEAM HEALTH, INC.; and AMERITEAM SERVICES, LLC; | § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is an amended motion to dismiss filed by Defendants Quantum Plus, LLC d/b/a TeamHealth Hospital Medicine West ("Quantum"), Team Health, LLC ("Team Health"), and AmeriTeam Services, LLC ("AmeriTeam") (collectively "Defendants"). (Dkt. 20). Defendants move to dismiss all Plaintiffs Hospital Internists of Austin, P.A.'s ("HIA") and Hospital Internists of Texas's ("HIT") (collectively, "Plaintiffs") claims seeking declaratory relief.[1] Having reviewed the parties' briefing, the evidence, and the relevant law, the Court issues the following order.

## I. BACKGROUND

Defendants collectively provide medical staffing services to hospitals, including emergency room physicians and hospitalists. (Am. Compl., Dkt. 12, at 1). In order to ensure that they have

---

[1] Defendants' motion to dismiss is somewhat unclear. It largely argues that Plaintiffs' declaratory judgment claims are not justiciable, but it also specifically asks the Court to "dismiss and strike all of Plaintiffs' claims regarding alleged violations of the corporate practice of medicine." (Dkt. 20, at 11). As the motion recognizes, "Plaintiffs also include claims regarding the corporate practice of medicine as part of their breach of contract and conspiracy claims." (*Id.* at 2). On October 31, 2018, the Court held a hearing on Defendants' motion, where they clarified they are only seeking to dismiss Plaintiffs' claims for declaratory relief.

1

sufficient staff to provide their hospital clients, Defendants either acquire emergency and hospitalist groups directly or enter into independent contracts with them. (*Id.* at 1–2). The issue in this case involves the latter.

HIA is a physician-owned, physician-managed group that provides medical services. (*Id.* at 5). HIA entered into a staffing contract (the "Services Agreement") with Quantum to provide hospitalists to St. David's Healthcare Partnership, LP ("St. David's") facilities.[2] (Am. Compl., Dkt. 12, at 7). The relationship between HIA and Defendants deteriorated, and on February 8, 2018, HIA gave notice of termination of the Services Agreement, effective June 8, 2018. (*Id.* at 17).

On May 31, 2018, Plaintiffs filed suit in this Court seeking declaratory relief and alternatively asserting breach of contract, conspiracy, and tortious interference claims. (*Id.* at 18–23). Plaintiffs allege that Defendants exerted control over the hospitalists' practice in violation of Texas's prohibition on the corporate practice of medicine. (Am. Compl., Dkt. 12, at 18). Specifically, Plaintiffs allege that Defendants interfered with the hiring, retention, and termination of HIA hospitalists; placed hospitalists in circumstances for which they were not qualified; discharged patients for financial reasons; split fees; and controlled physician-fee billing and collection. (*See id.* at 15–16, 18, 20). Plaintiffs also allege that Defendants indirectly solicited HIA's physicians in violation of the Services Agreement. (*See id.* at 22–23).

Plaintiffs' complaint includes two claims for declaratory relief. (*See id.* at 18–19). First, Plaintiffs seek a declaration that, "in performance of the Services Agreement and with Team Health headquarters' support, Quantum—not Plaintiffs—engaged in conduct that was in violation of the Texas Medical Practice Act's prohibition of the Corporate Practice of Medicine, as codified at Tex. Occ. Code § 151.001 *et seq.*" (*Id.* at 19). Second, they seek a declaration that "HIA has a legal right to

---

[2] HIT was formed in 2017. (Am. Compl., Dkt. 12, at 5). HIT provides medical services, including those under the Services Agreement, on behalf of HIA pursuant to a subcontract. (*Id.* at 2).

lawful payment for all professional services performed by HIA-retained physicians (including HIT physicians) actually rendered under the Services Agreement, meaning payment that does not amount to fee-splitting and payment that does not allow Quantum or Team Health headquarters to the majority of the profits." (*Id.*).

In the alternative, Plaintiffs allege that Team Health materially breached the Services Agreement because its actions violated Texas law regarding the corporate practice of medicine. (*See id.* at 19–21). Plaintiffs also allege that Team Health and St. David's conspired to control St. David's costs and improve its profits by unlawful means, specifically the corporate control over the practice of medicine. (*See id.* at 21–22). Finally, Plaintiffs include a tortious interference claim that Defendants solicited its staff in violation of the Services Agreement. (*See id.* at 22–23). Defendants moved to dismiss Plaintiffs' declaratory judgment claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] (Am. Mot. Dismiss, Dkt. 20).

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may dismiss a complaint for lack of jurisdiction based on: (1) the face of the complaint; (2) the complaint supplemented by undisputed facts from the record; and (3) the complaint supplemented by

---

[3] Defendants also moved to strike Plaintiffs' claims from the complaint under Federal Rule of Civil Procedure 12(f). (Mot. Dismiss, Dkt. 20, at 10–11). Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's affirmative claims, however, are neither a defense nor "redundant, immaterial, impertinent, or scandalous matter." Because the 12(f) motion is "more akin to a motion to dismiss," the Court considers Defendants' motion to strike under Rules 12(b)(1) and 12(b)(6). *See Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042, at *1, *3 (W.D. Tex. July 8, 2013).

undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The court may "weigh the evidence and satisfy itself" that subject matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. Of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Dismissal under 12(b)(1) is not a determination on the merits and does not prevent a plaintiff from pursuing a claim in a court with proper jurisdiction. *Id.* The court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle her to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Id.* "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

The Declaratory Judgment Act ("DJA")[4] provides that "in a case of an actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The DJA does not create a substantive cause of action. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Rather, "[a] declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08–CV–1658–D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (quoting *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 193, 194 (5th Cir. 1991)).

---

[4] The Court has subject-matter jurisdiction over this action based on diversity. (*See* Am. Compl., Dkt. 12, at 4). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The Texas Uniform Declaratory Judgments Act is considered procedural, not substantive. *See Landry v. Wells Fargo Home Mortg., Inc.*, No. EP-13-CV-144-KC, 2013 WL 5278497, at *4 n.2 (W.D. Tex. 2013) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *Hurd v. BAC Home Loans Serv., LP*, 880 F.Supp.2d 747, 769 (N.D. Tex. 2012). Accordingly, the Court analyzes Plaintiffs' declaratory judgment claim under the federal Declaratory Judgement Act.

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable, *i.e.* whether an "actual controversy" exists between the parties to the action. *Id.* (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989)). Second, if it has jurisdiction, the district court must resolve whether it has "authority" to grant declaratory relief in the action. *Id.* (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). Finally, the court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Id.*

Defendants move to dismiss Plaintiffs' claims seeking declaratory relief. (*See* Mot. Dismiss, Dkt. 20). Defendants' arguments in support of their motion largely dispute the first step—they argue that Plaintiffs' declaratory judgment claims are not justiciable. (*See id.* at 4–7).

### A. *Plaintiffs' First Request for Declaratory Relief*

Plaintiffs' first request for declaratory relief seeks a declaration from the Court that:

> [I]n performance of the Services Agreement and with TeamHealth headquarters' support, Quantum—not Plaintiffs—engaged in conduct that was in violation of the Texas Medical Practice Act's prohibition of the Corporate Practice of Medicine, as codified at TEX. OCC. CODE § 151.001 *et seq*.

(Am. Compl., Dkt. 12, at 19). Defendants argue that Plaintiffs' request is not justiciable; Plaintiffs lack standing because Texas's Medical Practice Act does not provide a private cause of action for violations of the corporate practice of medicine, and there is no "case or controversy" within the meaning of Article III because Plaintiffs seek declaratory relief for past actions. (Mot. Dismiss, Dkt. 20, at 3, 4–6). Defendants also argue that there is no "actual present harm or a significant possibility of future harm" that the State would seek an enforcement action against the Plaintiffs. (*Id.* at 6).

Like any other cause of action, there must be an "actual controversy" supporting a declaratory judgment action. *See Orix Credit All.*, 212 F.3d at 895–96. This means a declaratory

6

judgment action must be ripe in order to be justiciable. *Id.* Additionally, a "claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not proclaim liability for a past act." *Haggard v. Bank of the Ozarks*, 547 F. App'x 616, 620 (5th Cir. 2013) (per curiam). Thus, in order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [a plaintiff] will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* at 358 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 95–96 (1983)).

Importantly, "a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Dall. Cty, Tex. v. MERSCORP, Inc.*, 2 F.Supp.3d 938, 946 (N.D. Tex. 2014) (quoting *Reid v. Aransas Cty.*, 805 F.Supp.2d 322, 349 (S.D. Tex. 2011)); *see also Tex. Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 158–59 (5th Cir. 1996) (interpreting the Texas Uniform Declaratory Judgment Act). Here, Texas law does not provide for a private cause of action to enforce the prohibition of the corporate practice of medicine. *See Cassidy v. TeamHealth, Inc.*, No. 01-08-00324-CV, 2009 WL 2231317, at *6 (Tex. App.—Houston [1st Dist] July 23, 2009, no pet.) (mem. op.) (citing *Cole v. Huntsville Mem'l Hosp.*, 920 S.W.2d 364, 372–73 (Tex. App.—Houston [1st Dist.] 1996, writ denied)). Rather, the Texas Medical Practice Act provides for administrative penalties and injunctive relief imposed by the Texas State Board of Medical Examiners, civil penalties sought by the Texas Attorney General, and criminal penalties sought by the state. See TEX. OCC. CODE ANN. §§ 165.001–165.160. As the DJA is not a source of substantive rights, the Court cannot issue a declaration where Plaintiffs are not otherwise afforded a private cause of action.

In fact, both parties agree that there is no private right of action. (Mot. Dismiss, Dkt. 20, at 4–5; Pls.' Resp. Mot. Dismiss, Dkt. 23, at 2). But Plaintiffs argue that they seek a declaration that they are entitled to payments under a contract rather than any relief under the Medical Practice Act. (Pls.' Resp. Mot. Dismiss, Dkt. 23, at 3–4). According to Plaintiffs, they are seeking "a declaration regarding their rights to payment from Defendants, which necessarily involves a corporate practice of medicine finding." (*Id.* at 7). Regardless, Plaintiffs say, declaratory judgment actions only require subject matter jurisdiction and an actual case or controversy. (*Id.* at 3–4).

The Court disagrees. Plaintiffs could perhaps seek declaratory relief to resolve disputes regarding the interpretation of the services agreement. *See, e.g.*, *Xenon v. Baig*, No. H–13–1828, 2015 WL 3823623, at *3–4 & n.16 (S.D. Tex. June 19, 2015) (finding that defendant had standing to challenge the legality of a contract based on violations of the corporate practice of medicine). But Plaintiffs here aren't challenging the validity or enforceability of the Services Agreement—they are seeking to enforce it. (*See, e.g.*, Pls.' Resp. Mot. Dismiss, Dkt. 23 at 8 ("Plaintiffs are requesting enforcement of their legal right to lawful payment for all professional services performed by their physicians under the Services Agreement.")). Plaintiffs have not argued that any alleged violation of the prohibition on the corporate practice of medicine renders the contract void or illegal. Nor does the Court see any continuing controversy on this claim for relief.[5] Rather, Plaintiffs seek a declaration that Defendants "engaged in conduct that was in violation of the Texas Medical Practice Act's prohibition of the Corporate Practice of Medicine." (Dkt. 12, at 19). The underlying statute, however, does not provide for a cause of action for such violations. As such, a declaratory judgment

---

[5] Although Plaintiffs argue that they are "vulnerable" to an enforcement action for aiding the unlawful corporate practice of medicine, there has not been any actual or threatened government action to enforce the Medical Practices Act against either Plaintiffs or Defendants. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007). Plaintiffs' first request for declaratory relief thus seeks a declaration on the legality of past conduct without any continuing adverse effects. *See Bauer*, 341 F.3d at 358 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 95–96 (1983). This argument cannot support a declaratory judgment claim.

on this claim would present an end-run around the statutory enforcement mechanisms provided in the Texas Medical Practice Act.

In sum, a plaintiff cannot use the DJA to create a private right of action where none exists. *See Reid*, 805 F. Supp. 2d at 339. Plaintiffs' first request for declaratory relief attempts to do just that. As a result, the claim is not justiciable.

### B. *Plaintiffs' Second Request for Declaratory Relief*

Plaintiffs' second request for declaratory relief seeks a declaration from the Court that:

> HIA has a legal right to lawful payment for all professional services performed by HIA-retained physicians (including HIT physicians) actually rendered under the Services Agreement, meaning payment that does not amount to fee-splitting and payment that does not allow Quantum or TeamHealth headquarters to the majority of the profits.

(Am. Compl., Dkt. 12, at 19). Because this request seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, the Court finds it is justiciable.

As stated above, in order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [a plaintiff] will suffer injury in the future." *Bauer*, 341 F.3d at 358. A "claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not proclaim liability for a past act." *Haggard*, 547 F. App'x at 620.

Defendants argue that Plaintiffs' claim should be dismissed because there is neither actual present harm nor a significant possibility of future harm. (Mot. Dismiss, Dkt. 20, at 5–6). In essence, Defendants argue that Plaintiffs' DJA claim is duplicative of their breach of contract claim; they say that the legality of the Services Agreement is not disputed, so payment is merely a question of whether Defendants complied with the terms of the Services Agreement. (*Id.* at 7). Plaintiffs, on the other hand, contend that they are "guaranteed to receive future payments constituting prohibited

9

fee-splitting and profit gouging," and without a declaratory judgment, Defendants will retain a majority of profits from physician services fees. (Pls.' Resp. Mot. Dismiss, Dkt. 23, at 8).[6]

Plaintiffs' second request states a justiciable claim. A request for declaratory relief serves a useful purpose in clarifying and settling legal relations at issue. *Env. Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016) (quoting *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993)). *See also, e.g.*, *Tex. Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 158–59 (5th Cir. 1996) (interpreting the Texas Uniform Declaratory Judgment Act); *CH2M Hill, Inc. v. Comal Cty., Tex.*, No. SA-09-CV-555-XR, 2011 WL 13237548, at *3–4 (W.D. Tex. Apr. 25, 2011) (finding a fact issue on whether the plaintiff was entitled to retain fees paid by defendant under a contract). Plaintiffs ask the court to declare rights under the Services Agreement for an ongoing injury. For example, Plaintiffs argue that "because of how Plaintiffs are paid under the Services Agreement, the unlawful fee-splitting and profit gouging" will result in insufficient payment under the agreement, and that issue will continue "for months if not years into the future." (Pls.' Resp. Mot. Dismiss, Dkt. 23, at 2–3). Plaintiffs also contend that Defendants have refused to provide billing and collection data, thus concealing fee-splitting and profit-gouging acts. (*Id.* at 11). As a result, Plaintiffs argue that they are "guaranteed to receive future payments constituting prohibited fee-splitting and profit gouging," and Defendants will retain a majority of profits from physician services fees. (*Id.* at 8). This claim is sufficient to state a justiciable controversy.[7]

---

[6] Plaintiffs also argue that they are seeking "a declaration that they are entitled to payments (past and future) under the Services Agreement in a manner that does not amount to unlawful fee-shifting or profit gouging, as prohibited by the Texas Medical Practice Act." (Pls.' Resp. Mot. Dismiss, Dkt. 23, at 2). They argue that this request requires a finding that Defendants violated the prohibition on the corporate practice of medicine. (*Id.* at 7). As stated above, there is no private cause of action for corporate practice of medicine violations. *See supra* 7–9. To the extent Plaintiffs' second request for declaratory relief seeks a declaration that Defendants violated the Medical Practices Act, that claim is not justiciable.

[7] Plaintiffs' request for declaratory judgment is not duplicative in light of their breach of contract claim. Declaratory judgment claims are often brought concurrently with other causes of action. *See, e.g.*, *CH2M Hill*, 2011 WL 13237548, at *3–5. In any event, plaintiffs are permitted to plead in the alternative, as they do here. *See* Fed. R. Civ. P. 8(a)(3), (d).

Next, the Court next must resolve whether it has the "authority" to grant declaratory relief in the action. *Orix Credit All.*, 212 F.3d at 895. A district court lacks authority to issue a declaratory judgment when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal action, and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Travelers Ins. Co.*, 996 F.2d at 776. None of these concerns are present here. Defendants have not filed a cause of action in state court against Plaintiffs involving the issues in this case.

Finally, it is within the Court's discretion to determine whether to grant or deny declaratory relief. *United Teacher Ass'n Inc. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569 (5th Cir. 2005). The Fifth Circuit has enumerated several factors for a court to consider in determining whether to exercise its discretion to decide a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy;
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994). These criteria weigh in favor of having the Court exercise its discretion to hear Plaintiffs' second request for declaratory relief.

### C. Parties

Finally, Defendants argue that neither Team Health nor HIT are proper parties to this action. (Mot. Dismiss, Dkt. 20, at 9).

11

*1. Team Health*

Defendants argue that Team Health ceased providing services under the Services Agreement in 2015, and therefore Team Health lacks a contractual relationship with any defendant. (*Id.* at 9). Plaintiffs do not respond to this argument. As a result, Defendants argue that Plaintiffs have conceded the issue and that the declaratory relief claims against Team Health should therefore be dismissed. (Defs.' Reply Mot. Dismiss, Dkt. 24, at 6). Because Plaintiffs did not respond to Defendants' arguments regarding dismissing Team Health as a defendant to Plaintiffs' declaratory relief claims, Plaintiffs have waived those claims. *See Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp.2d 738, 748 & n.10 (S.D. Tex. 2003) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2000)); *Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765, at *13–14 (E.D. Tex. Mar. 29, 2017). As a result, the Court finds that the declaratory judgment claims against Team Health should be dismissed.

*2. HIT*

Defendants also argue that HIT is not a proper party for the Plaintiffs' claims because it too lacks a contractual relationship with any defendant. (Mot. Dismiss, Dkt. 20, at 9–10). Plaintiffs argue that HIT has standing to bring its declaratory judgment claim through its subcontract with HIA. (Pls.' Resp. Mot. Dismiss, Dkt. 23, at 12). According to Plaintiffs, HIT is entitled to payment for services rendered by its physicians under the subcontract, so it has standing to seek a declaration that it is entitled to payment untainted by fee-splitting and unlawful profit retention. (*Id.*).

In order to demonstrate standing, a plaintiff must show (1) it suffered an "injury in fact" that is (2) fairly traceable to the defendant's conduct, and (3) the likelihood that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Env'l Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). A plaintiff can meet the standing requirements when suit is brought under the

DJA by establishing "actual present harm or a significant possibility of future harm." *Bauer*, 341 F.3d at 357–58 (quoting *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). The "actual controversy" required by the DJA "is identical to the meaning of 'case or controversy' for the purposes of Article III." *Id.* (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997)).

Based on the face of the complaint, HIT lacks standing to assert its claim for declaratory relief based on its subcontract with HIA. Defendants contracted with HIA to provide services. (Am. Compl., Dkt. 12, at 7–8). But HIT lacks a contractual relationship with Defendants. Instead, HIT subcontracted to provide services *on behalf of HIA*. Indeed, the request for declaratory relief makes clear that "*HIA* has a legal right to lawful payment for all professional services performed by *HIA*-retained physicians." (*Id.* (emphasis added)). Any declaratory relief would therefore not resolve the status of the legal relationships between HIT and any Defendant; it would only resolve the status of HIA's legal rights under the terms of the Services Agreement.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss, (Dkt. 20), is **GRANTED IN PART.** Plaintiffs' first request for declaratory relief is **DISMISSED WITH PREJUDICE**. HIT's claims for declaratory relief and Plaintiffs' claims for declaratory relief against Team Health are **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion is **DENIED** with respect to all other relief, including the request to dismiss Plaintiffs' second request for declaratory relief.

**SIGNED** on January 23, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE